[Department Two.—May 9, 1883.]

## WILLIAM TRENOUTH, APPELLANT, v. ALEXANDER GORDON ET AL., RESPONDENTS.

EJECTMENT—EVIDENCE.—Under the circumstances set forth in the opinion of the court, held, that it was competent for the defendants to defeat the action by showing that the legal title was outstanding in third persons, without connecting themselves with such title.

APPEAL from a judgment of the Superior Court of the city

and county of San Francisco, and from an order refusing a new trial.

*James B. Townsend,* for Appellant.

*Houghton & Reynolds,* and *M. G. Cobb,* for Respondents.

The plaintiff must recover upon the strengtn of his own title, and not on the weakness of the title of the defendants; that being so, defendants can show title out of plaintiff and in a third party. (*Moore* v. *Tice,* 22 Cal. 516; *Dyson* v. *Bradshaw,* 23 Cal. 536; *Coryell* v. *Cain,* 16 Cal. 567.)

MYRICK, J.—This is an action of ejectment. Plaintiff alleges possession and ownership in himself on the 1st of July, 1874, and an ouster on that day by defendants.

Plaintiff's claim of title is, in substance, as follows: One Antonino Buelna was the owner of a Mexican grant for four leagues. He died testate, leaving a widow surviving him. His will devised the four league grant, to each of five persons an undivided one fifth, his widow being one of the five. Another of the five was one Juan Bautista Buelna, who died, leaving two children. Plaintiff claims title as grantee of these two children. The widow of Antonino executed to Salvador Castro a deed of one league of the land, who presented to the United States land commission a petition to have the same confirmed to him. The land was so confirmed, and a patent was issued in 1861. The widow presented a petition for the confirmation to her of the other three leagues, which was granted, and a patent issued in 1861. In the proceedings before the land commission the petitioners claimed to be the owners, respectively, of the lands petitioned for.

Each of the defendants has been in the possession of the tract claimed by him for ten years before the suit was commenced, under deeds, claiming ownership.

There is no evidence that either plaintiff or his grantors, the children of Juan Bautista Buelna, were ever in possession of any of the premises in controversy; nor is there any evidence that the father of the grantors was ever in possession of any particular parcel of the land. He lived on the land in 1844,

but on what portion, or how much he occupied, if any, does not appear; for aught that appears he may have been a tenant of the claimant. His children were there in 1844; one was born that year, and one the year before. He died in 1846; where, does not appear. The children had no interest prior to the death of their father; and there is no evidence that they have been on the land or in possession since that event. Under such circumstances it was competent for the defendants to defeat the plaintiff's right to recover (even if he otherwise would have had the right), by proving that the persons holding the legal title had conveyed the same to third persons without connecting themselves with that legal title.

Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.