## McDONALD *v.* HANNAH *et ux.*

### (*Circuit Court, D. Washington, W. D.* June 22, 1892.)

**1. TAX TITLE—ESTATE ACQUIRED.**
Under the tax laws of Washington Territory, taxes due on lands constituted a debt due from the owner, collectible by distraint, and the lands were only subject to sale on failure of the collector to find personal property of the delinquent owner sufficient to produce the amount due. *Held*, that a tax title under this law was purely derivative, and the tax deed conveyed only such title as was vested in the delinquent.

**2. ACTION TO RECOVER LANDS—COMMON SOURCE OF TITLE.**
In an action to recover possession of lands the rule that title need not be traced beyond a common source cannot be applied in favor of plaintiff, after the parties have actually introduced evidence showing that the common source had, in fact, no title whatever.

**3. SAME—EVIDENCE—PRIOR DECISION.**
In a suit between numerous parties for partition, and to remove cloud from title, a decree was entered which, in effect, operated as a quitclaim deed to each party of the land claimed by him from all the other parties. *Held* that, in a subsequent suit by one of the parties against a stranger to recover possession of some of the lands, such decree was admissible in evidence in plaintiff's favor, but was not conclusive upon defendant.

**4. DOWER—CONVEYANCE.**
The grantee by quitclaim of a widow's dower right which has never been set off by any proceeding under the statutes for the assignment of dower takes no title or right of possession.

At Law. Action by F. V. McDonald against D. B. Hannah and wife to recover possession of real estate. Findings and judgment for defendant.

*W. Scott Beebe* and *J. C. Stallcup*, for plaintiff.
*Judson & Sharpstein*, for defendants.

HANFORD, District Judge. The plaintiff claims title by virtue of a quitclaim deed to him from one Mary A. Givens. The defendants entered and were in actual possession of the demanded premises for a

period of more than four years before the commencement of the action, claiming title thereto by virtue of a tax deed executed by the sheriff of Pierce county, pursuant to a sale of the property for delinquent taxes assessed against the plaintiff's grantor, Mary A. Givens.    In their answer the defendants deny that the plaintiff has any title or right to the possession of the property; therefore, before any question affecting their rights can with propriety be considered, the plaintiff must prove his title, for, unless he can show a *prima facie* right of possession, it is mere impertinence on his part to question the rightfulness of the defendants' actual possession.    The evidence does not show that the title to the property was ever vested in Mary A. Givens, but, inasmuch as in their answer the defendants claim title to the property under a conveyance pursuant to a sale for delinquent taxes of said Mary A. Givens, it is urged in behalf of the plaintiff that the parties claim title from a common source; that the defendants cannot, without utterly destroying their own claim, successfully impeach the title of the plaintiff's grantor, and that proof of her title is therefore unnecessary.    Where the revenue laws of a state provide for the taxation of land and proceedings *in rem* against the property assessed for the collection of the tax levied upon it, without imposing any personal liability upon the owner, the purchaser at a tax sale acquires an original and independent title created by law, but the system of taxation provided by the laws of Washington Territory under which the defendants' tax deed was executed is quite different.    Said laws require the listing of property for taxation upon an assessment roll, in a prescribed form, containing the names of all known owners of property, real and personal, and provide that lands must be assessed in the names of the owners, if known.    Taxes, when levied, constitute a debt due from the owner, and the same may be collected by distraint; and lands are not subject to sale for delinquent taxes, except in the event of failure on the part of the owner to pay the tax and of the tax collector to find personal property of the owner sufficient to produce the amount due.    Under such a system the title conveyed by a tax deed is derivative, as in the case of a sale under judicial process.    The revenue officers making the sale and tax deed are clothed with legal authority to convey the title of the delinquent owner, and only such title as he had passes to the grantee by the tax deed.    Black, Tax Titles, §§ 232, 233.

While I agree with counsel for the plaintiff as to the abstract legal proposition, it is impossible for me to give him the benefit of it in this case, as I would do if there were no evidence in the case in regard to Mary A. Givens' title.    The parties have introduced an abstract of the record, showing the facts in regard to her claim of title, by which it affirmatively appears that no title was ever vested in her.    This evidence is in the case, and in the light thereof the court cannot blindly presume, contrary to the facts, that she has made a valid conveyance of title to the premises, there being no basis for such presumption other than a mere rule of practice, under which, for convenience, if the parties had seen fit to rely upon it, proof of her title might have been dispensed with.    The land in controversy is part of the tract involved in

the case of *McDonald* v. *Donaldson,* 47 Fed. Rep. 765, (recently determined in this court.) The husband of Mary A. Givens, with other persons, acquired the title to said tract as tenants in common, and by transactions between themselves and a succession of untoward occurrences, as shown by the published statement and opinion of the court in that case, the title became snarled; one of the most serious complications being caused by the death of Givens, which occurred in the year 1873. Being nonresidents, the statutes of the territory in relation to the property rights of married persons enacted prior to his death were inapplicable to Mr. and Mrs. Givens, and conferred no rights upon the widow. Neither was she, by the laws then in force, entitled to take any part of her husband's real estate by inheritance. The partition deed made to her by Mathews as attorney in fact was void, for the reason that by the death of her husband the power of attorney under which Mathews acted was annulled. She had a right of dower and nothing more. But the demanded premises have not been awarded to her in any proceeding according to the statute for assignment of dower; therefore her grantees acquired no title or right of possession by the deed from her, even if the execution, delivery, and validity thereof be assumed.

The record in the partition suit of *McDonald* v. *Donaldson,* above referred to, was offered in evidence, and the same is now relied upon by the plaintiff, who claims that by the judicial determination of this court his title to the premises has been established. The defendants objected to the introduction of this record, claiming that the same is incompetent and immaterial, for the reason that, as they were not parties to the suit, they cannot be bound by the determination. The decree is equivalent to a quitclaim deed to the plaintiff from all the other parties to the partition suit of their respective interests in the demanded premises, and is therefore a connecting link in the chain of title, and is competent evidence for the plaintiff, just as conveyances of title from the respective owners of undivided interests, made without knowledge of or privity with the defendants, would be competent. I therefore overrule the defendants' said objection. The defendants are not, however, concluded by said decree, nor can they be denied their day in court to put in issue the validity of plaintiff's pretended right to the demanded premises, and subject the same to the test of a judicial determination. Neither the defendants nor the heirs or legal representatives of Givens were in court as parties to the partition suit, and by the course pursued by those who were parties the court was precluded from investigating or deciding the questions affecting the plaintiff's pretended title now in issue. In view of these facts, the court could not by its decree create a new and original title, nor divest the true owner of his title to the premises, and against the parties in actual possession the decree affords no ground for a judgment of ouster.

I have, after mature reflection, determined to rest my decision upon the actual rights of the parties as they appear, rather than upon ground involving only mere questions of practice or technicalities. The deeds and documentary evidence introduced by the respective parties

were all objected to, and were all, at the time of being offered, received subject to the objections so made. I now overrule all of said objections, and admit all of said deeds, papers, and documents except the original records of the city of Tacoma. Extracts from said originals, containing all that is material, made under my direction, will be received and filed in the case in place of said original records. My opinion upon other questions debated by counsel would not be determinative of the rights of the parties, and could not be regarded as anything more than *obiter dicta,* and therefore not of sufficient value to justify a further extension of this opinion. Findings of fact may be prepared, and a judgment will be entered in accordance with this opinion.