### McDONALD v. HANNAH et al.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1894.)

No. 95.

**1. EJECTMENT—PLEADING AND PROOF.**

Plaintiff may rely upon the admission in the answer that defendant claims from a certain grantor, and need not prove title in such grantor if he is the common grantor; and, where he offers insufficient proof of title in the common grantor, it must be disregarded, as being proof of a title not in issue. 51 Fed. 73, reversed.

**2. TAX TITLES.**

Under the laws of Washington requiring realty assessed for taxes to be listed in the name of the owner, and making the taxes levied a debt due from the owner, to be collected by sale of the land only in case personal property cannot be found, a purchaser at a tax sale acquires only the title of the person assessed. 51 Fed. 73, affirmed.

In Error to the Circuit Court of the United States for the Western Division of the District of Washington.

At Law. Ejectment by F. V. McDonald against Dolphus B. Hannah, Kate E. Hannah, and others. Judgment for defendants. 51 Fed. 73. Plaintiff brings error. Reversed.

W. Lair Hill and W. Scott Beebe, (J. C. Stallcup and C. R. Holcomb, on the brief,) for plaintiff in error.

W. C. Sharpstein, for defendants in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The plaintiff in error brought ejectment against the defendants in error to recover possession of certain land in the city of Tacoma, state of Washington. The answer set up ownership and possession in the defendants by virtue of a tax title. Trial was had before the court, without a jury. On the trial, plaintiff offered in evidence a conveyance of the premises from Mary A. Givens, the common grantor of both plaintiff and defendants. Instead of resting upon the rule which renders it unnecessary for the plaintiff to prove title in the common grantor, the plaintiff then introduced what he claimed to be a chain of conveyances from the United States down to Mary A. Givens. These were held by the court to be not only insufficient to show title in Mary A. Givens, but to show affirmatively that she had no title whatever, and no interest in the land upon which ejectment could be maintained. The court, therefore, without entering into the consideration of defendant's title or right of possession, rendered judgment against the plaintiff, for want of proof of title in himself. The question is presented whether this ruling upon the evidence was error.

Where the answer, as in this case, contains a distinct admission that the defendant claims his title and right of possession through a certain grantor, the authorities uniformly hold that the plaintiff has the right to rely upon the admissions thus made, and that he does not waive his right by introducing evidence by which he attempts to prove title in the common source. The evidence thus introduced, no matter what its purport or effect, is deemed immaterial, whether objected to or not, and will not be considered. Many of the decisions go to the extent of holding, irrespective of the admissions of the answer, that neither party will be permitted to dispute the title of the common grantor. In Horning v. Sweet, 27 Minn. 277, 6 N. W. 782, the action had been dismissed in the court below, upon the ground that the conveyances offered in evidence by the plaintiff to prove the title of the common grantor were insufficient for the purpose. On the appeal, the court disregarded the conveyances thus offered, and held that proof of title from the common grantor was sufficient, and that the action was improperly dismissed. In the case of Orton v. Noonan, 19 Wis. 356, there was defective proof of the dedication and plat of a town, but there was proof of the conveyance of a block in the town to the plaintiff from the common source of title admitted in the answer. The plaintiff was nonsuited in the trial court, but, on appeal, it was held that he had the undoubted right to avail himself of the admission in the answer. In Mickey v. Stratton, 5 Sawy. 475, the plaintiff offered in evidence a chain of title to himself from the United States. Objection was made to the validity of one of the early conveyances in the chain. The court held it to be a conclusive answer to this objection that the plaintiff and defendant both claimed under a subsequent grantor. In Ames v. Beckley, 48 Vt. 395, the court held that all the objections urged by the defendant to the

introduction of deeds prior to the conveyances from the common grantor were immaterial, since the defendant was precluded from questioning the title derived from the common source. The recent case of Cox v. Hart, 145 U. S. 385, 12 Sup. Ct. 962, arose under a statute of Texas which enacted simply the rule of evidence that elsewhere obtains without enactment,—that, in an action to try title, it shall be unnecessary for either party to offer proof of title prior to the common grantor. On the trial, question was made of the validity and execution of a conveyance to the common grantor. The supreme court held that it was unnecessary to consider that conveyance.

The principle upon which these decisions are based is that the plaintiff is not required to be prepared with proof of the common grantor's title, and that such evidence, if offered, is presented upon an immaterial question, not in issue in the case. Applying that principle to the case at bar, it would appear that the plaintiff, when he had introduced evidence of his conveyance from Mary A. Givens, had the right to rely upon the admission of the defendants' answer, and to decline to offer further proof of his title; and that, by offering such proof, he did not waive that right; and that the prior conveyances so offered by him must be regarded simply as defective proof, insufficient to establish a title that was not in controversy, and was not an issue in the case, and not as positive evidence to disprove his title, or to destroy the effect of the defendants' admission.

The decision in Blight's Lessee v. Rochester, 7 Wheat. 535, relied upon by the defendants in error, is not perceived to be in conflict with these views. In that case the plaintiffs sued claiming as heirs of their father, John Dunlap, who had claimed as the heir of his brother, James Dunlap. James was a British subject, who had died in 1794, before the treaty of that year was signed, and was therefore incapable of transmitting land to his heirs. After his death, his brother, John, claiming to own the land, sold, but did not convey it, to one Hunter, and Hunter conveyed it to the defendant. The defendant entered into possession in 1794. The question considered in the supreme court was whether the defendant, in possession, was estopped to deny the title of John Dunlap. The court said:

"The plaintiffs show no title in themselves, but allege and prove that the title under which the defendant claims is derived from their ancestor. They therefore insist that the defendant is bound in good faith to admit this title, and surrender the premises to them. But the sole principle on which this claim is founded is that the defendant must trace his title up to their ancestor, and is bound, therefore, to admit it. But if the deed of the defendant does not refer to their ancestor, and the record does not convey this information, the defendant holds in opposition to the title of John Dunlap, or claims to have acquired that title. If he holds under an adversary title, his right to contest that of Dunlap is admitted. If he claims under a sale from Dunlap, and Dunlap himself is compelled to aver that he claims, then the plaintiffs themselves assert a title against this contract. Unless they show that it was conditional, and that the condition is broken, they cannot, in the very act of disregarding it themselves, insist that it binds the defendant in good faith to acknowledge a title which has no real existence."

It is contended that the principle of the decisions above referred to is inapplicable to this case, for the reason that the defendants' title is a tax title, and that they have acquired thereby the land itself, and not the interest of any particular person therein.   Under the laws of Washington in force at and since the time this tax title had its inception, property assessed for taxes was required to be listed against the name of the owner, if known.   The taxes so levied constituted a debt due from the owner.   The law made provision for its collection by distraint of personal property, and finally, in case personal property could not be found, by sale of the land. The defendants' answer in this case recites the fact that the tax sale in question was made for the unpaid taxes assessed against Mary A. Givens.   The tax deed contains the recital that the taxes due from Mary A. Givens, assessed on the land therein conveyed, had not been paid, and that no personal property belonging to her could be found.   The title acquired by the defendants was therefore a derivative one, partaking of the nature and incidents of a title obtained upon sale under judicial process, and it was such title only as the said Mary A. Givens had in and to the land in controversy.   "Where the law requires the land to be listed in the name of the owner of the fee or of any other interest in the estate, provides for a personal demand of the tax, and, in case of default, authorizes the seizure of the body or goods of the delinquent in satisfaction of the tax, and, in terms or upon a fair construction of the law, permits a sale of the land only when all other remedies have been exhausted, then the sale and conveyance by the officer passes only the interest of him in whose name it was listed, upon whom the demand was made, who had notice of the proceedings, and who alone can be regarded as legally delinquent.   In such cases the title is a derivative one, and the tax purchaser can recover in ejectment only such interest as he may prove to have been vested in the defaulter at the time of the assessment."   Blackw. Tax Titles, p. 548.

The judgment is reversed, at the cost of the defendants in error, and the cause is remanded for a new trial.