PACIFIC BANK v. HANNAH et al.

(Circuit Court of Appeals, Ninth Circuit.    May 3, 1898.)

No. 400.

1. BILL OF EXCEPTIONS—TIME FOR ALLOWANCE.
    The filing of a bill of exceptions during the term of court at which judgment is rendered is sufficient to preserve the rights of a party, and to authorize its allowance and settlement after the term.

2. POWER OF ATTORNEY—REVOCATION BY DEATH OF PRINCIPAL.
    A power of attorney to convey land, not coupled with an interest, is revoked by the death of the principal, and a deed thereafter made by the attorney is void.

3. PARTITION BY DEED—VALIDITY.
    An attempted partition of land, by deed inter partes, is void where one of the deeds is invalid, and does not bind the owner of the interest it purports to convey.

4. JUDGMENT AS ADJUDICATION OF TITLE—EFFECT OF DECREE OF PARTITION.

A decree making partition of land, in a suit which was not adversary as to the title of the different parties, is not conclusive of the title of one of the parties to whom a share was allotted, as against claimants who were not parties.

5. DESCENT OF PROPERTY—DEATH OF NONRESIDENT OWNER OF LAND—RIGHTS OF WIDOW.

Under Laws Wash. 1862–63, pp. 261–264, §§ 340, 352, on the death intestate of a nonresident owner of land in the territory, his widow did not inherit as an heir at law, but for want of other heirs the land escheated to the county in which it was situated, subject only to the dower right of the widow during her life.

6. DOWER—CONVEYANCE BEFORE ASSIGNMENT.

The widow of a deceased owner of land in Washington territory, who never resided in the territory or state, and to whom dower in such land was never assigned, had no interest in the land which she could convey.

In Error to the Circuit Court of the United States for the District of Washington.

This is an action in ejectment, brought by the Pacific Bank, plaintiff in error here, for about four acres of land situated in the county of Pierce, state of Washington. The complaint alleged ownership in fee, and a right to the possession of the land, and that the defendants were in unlawful possession thereof. The defendants pleaded a general denial, and set up that the county of Pierce, state of Washington, was the owner of said land, and that they were in possession by consent of said Pierce county. The evidence introduced on the part of the plaintiff was entirely documentary. The plaintiff deraigns its title as follows: In February, 1870, a tract of 60 acres of land, described as the S. W. ¼ of the N. W. ¼, and the W. ½ of the S. E. ¼ of the N. W. ¼, of section 5, township 20 N., of range 3 E., of Willamette meridian, in the county of Pierce, then territory, now state, of Washington, was conveyed by Louis C. Fuller and Clinton P. Ferry, and their respective wives, who were the owners in fee simple thereof, to the Workingmen's Joint-Stock Association, a corporation organized under the laws of the state of Oregon, and having its principal office at Portland, in said state. At that time, and on the 10th of February, 1871, following, the stockholders, and the only stockholders, of this corporation were the following: John Donaldson, Philip Francis, Charles Gilbert, James H. Givens, Charles Howard, John Huntington, George Washington, George Thomas, George Luviney, William Brown, Mary H. Carr, Edward S. Simmons, George P. Riley, and Anna Rodney, and each was the owner and holder of $30/464$ of all the capital stock of the corporation, except George Luviney, who was the owner and holder of $65/464$ of said capital stock, and William Brown, who was the owner and holder of $39/464$ of said capital stock. On the 10th day of February, 1871, a question having arisen as to the power of the corporation to take and hold the title to said real property, it was decided by the officers and managers of the same that the said land should be conveyed to the said stockholders individually, as tenants in common of their interests therein, in proportion to the amount of capital stock owned and held by each; and accordingly, on said day, the corporation joined with said Louis C. Fuller and Clinton P. Ferry, and their respective wives, and duly made, executed, and delivered to said stockholders hereinbefore mentioned a quitclaim deed to said real estate, in the proportions represented by the stock held by them in the corporation, to be held by them as tenants in common. Among these stockholders and tenants in common was one James H. Givens, whose interest was stated, in the deed, to be $30/464$, and whose interest represents the land in controversy in this action, amounting to about four acres. On September 5, 1871, 11 of these tenants in common, among whom was James H. Givens, joined in a power of attorney in favor of John W. Matthews, who was constituted and appointed "our true and lawful attorney for us, and in our name and stead, to grant, bargain, sell, convey, alien, remise, release, quitclaim, assign, or transfer all such lands," etc., "and for all the powers aforesaid for

us and in our names to make, execute, acknowledge, and deliver all necessary deeds," &c. The names of the remaining three tenants in common were affixed by other parties, but no previous authority to do so was shown. The purpose of this power of attorney, it appears, was to effect a partition of this 60-acre tract; and Matthews accordingly, on September 9, 1871, attempting and assuming to act under said instrument in writing, executed to said stockholders hereinbefore mentioned a deed signed by himself as attorney in fact, conveying to each a portion of the 60 acres represented by his or her interest in said corporation. But it seems that the initial corner of the description of the land attempted to be conveyed was incorrectly stated in said deeds, and furthermore the deeds were signed by the name of John W. Matthews, and not by the names of any of said alleged grantors, and were otherwise incorrect and void. See opinion of the court below in the case of McDonald v. Donaldson, relating to this same tract of land, 47 Fed. 765. Subsequently, and about February 14, 1873, James H. Givens died intestate, leaving Mary A. Givens, his wife, surviving him. On March 24, 1873, Matthews, still assuming to act under the authority of said power of attorney and without any additional authority, executed, acknowledged, and delivered a second set of deeds to each of said stockholders (excepting James H. Givens), which correctly stated the section in which the said tracts, so partitioned, were situated, and the true initial corner of the description in each, and to which he signed the names of several of the stockholders as grantors therein. Matthews deeded the tract in controversy in this case to Givens' widow, Mary A. Givens. As stated, Givens had died in the month of February previous, intestate, without leaving any heirs. It was, however, assumed at the time that, under the laws of the territory, now state, of Washington, his widow was his heir at law. It was upon this assumption that the deed of the tract of land to which Givens would have been entitled, had he lived, was conveyed by Matthews to Mary A. Givens, his widow. Subsequently, on October 17, 1888, Mary A. Givens, describing herself as the "widow of James H. Givens," executed a quitclaim deed of the entire 60-acre tract to Frank V. McDonald. In the year 1891, McDonald instituted a suit in equity in the United States circuit court for the district of Washington, Western division, against those of the original tenants in common who still retained their interests and against those persons who claimed title to any part of the premises by deed from any of the original tenants in common. The object of the suit was to obtain a decree defining the interests of the several parties, remove the cloud upon the title, and partition the property among the owners, so as to give to each his portion thereof in severalty. The importance of just such a suit to disentangle the title to this entire 60-acre tract from the complications which the careless and misadvised acts of the parties had caused, is very forcibly stated by the learned judge of the court below in his opinion in that case. McDonald v. Donaldson, supra. It was held that the land had not been legally partitioned, and that the only solution of the legal difficulties and perplexities of the situation was for the court to partition the land itself, according to the fairest plan which the court, acting upon certain equitable principles, could devise. This was accordingly done. In the findings of fact in that case, the court found "that on the 23d day of March, 1873, the said James H. Givens died intestate, leaving Mary Givens his widow and only heir at law," and awarded the land in controversy here to McDonald, as the grantee of Mary Givens. Subsequently, McDonald brought suit against Dolphus B. Hannah and Kate E. Hannah, his wife, the present defendants in this case, in the circuit court of the United States for the district of Washington, Western division, to recover possession of the land involved in the case at bar. McDonald, the grantor of the present plaintiff in the case at bar, pleaded, in that action, to establish his title to the land and right to have Hannah et ux. dispossessed, the judgment and decree rendered in the case of McDonald v. Donaldson, 47 Fed. 765. But the court held that, while such decree and judgment were admissible in evidence in favor of the plaintiff's title, it was not conclusive upon the defendants, they having been strangers to the suit in which such judgment and decree were rendered; and the court further held that, upon the evidence presented and the showing made in that case, the title held by McDonald to the land in controversy

in this case was void and of no effect; that Mary A. Givens, the widow of James H. Givens, never had the legal or any title to the land which she could convey to McDonald; that she was not, under the laws of the territory, now state, of Washington, the heir at law of James H. Givens; that, upon the latter's death, the only right she acquired in the land in controversy was that of dower, and nothing more; that the land had never been awarded to her in any proceeding according to the statute for assignment of dower. Judgment was accordingly rendered for the defendants. 51 Fed. 73. Subsequently, on February 11, 1896, McDonald conveyed the land in controversy to the Pacific Bank, the plaintiff in the court below and the plaintiff in error in this court. The case was tried before the court below, the parties having, by written stipulation filed, waived a jury. Judgment was rendered in favor of the defendants, and the court made the following findings of facts and conclusions of law:

"First. That plaintiff is a banking corporation organized and existing under the laws of the state of California, and authorized to hold real estate in the state of Washington, and the defendants are citizens and residents of the state of Washington.

"Second. That in the year 1840 one James H. Givens intermarried with one Mary A. Peck at New Bedford, in the state of Massachusetts, and the said parties never resided in the late territory, now state, of Washington.

"Third. That on the 14th day of February, 1873, the said James H. Givens died intestate at Portland, in the county of Multnomah, state of Oregon, leaving surviving him his widow, the said Mary A. Givens, but no issue or heir at law.

"Fourth. That at the time of his death the said James H. Givens was seised in fee of one undivided $30/464$ of the following described premises, to wit: The southwest quarter (S. W. 1/4) of the northwest quarter (N. W. 1/4), and the west half (W. 1/2) of the southeast quarter (S. E. 1/4) of the northwest quarter (N. W. 1/4), of section five (5), township twenty (20) north, of range three (3) east, of Willamette meridian, in the county of Pierce, then territory, now state, of Washington.

"Fifth. That on the 17th day of October, 1888, the said Mary A. Givens, widow of said James H. Givens, claiming to be the sole heir at law of said James H. Givens, made, executed, and delivered to one Frank V. McDonald a conveyance of all her right, title, and interest, including dower and claim of dower, in and to the premises above described, but that neither before the making of said conveyance nor thereafter had the interest of said Mary A. Givens, as the widow of said James H. Givens, been set off to her by any court.

"Sixth. That thereafter, and on or about the 12th day of March, 1891, the said Frank V. McDonald, claiming, by virtue of said conveyance, to be the owner of the right, title, and interest of said James H. Givens and Mary A. Givens in and to the premises hereinbefore described, commenced, in this court, a suit in equity against one John Donaldson and sundry other persons, to which all persons having of record in the office of the auditor of Pierce county any deed of conveyance, decree, or other evidence of title to any portion of said premises were made parties defendant, save and except that the defendants herein and the county of Pierce were not parties thereto, for the purpose of procuring a partition of said premises among the parties to said action; and thereafter such proceedings were had in such cause that this court ordered and decreed, as between the parties to said action, a partition of said premises, and particularly decreed that there be set off in severalty, as his sole and exclusive property in fee simple to Frank V. McDonald as the successor in interest of said James H. Givens and Mary A. Givens, a certain tract or parcel of the tract hereinbefore described, therein bounded and described, and being the same tract of land described in the complaint herein.

"Seventh. That thereafter, and on the 13th day of September, 1894, said Mary A. Givens died in the city of Portland, county of Multnomah, state of Oregon, being at the time of her death a resident of said state of Oregon.

"Eighth. That thereafter, and on the 11th day of February, 1896, the said

Frank V. McDonald made, executed, and delivered to the plaintiff herein a conveyance of the premises described in the complaint herein.

"Ninth. That the premises described in said complaint exceed in value the sum of two thousand dollars ($2,000).

"Tenth. That the county of Pierce is a municipal corporation of the state of Washington.

"Eleventh. That the defendants are, and were at the time of the commencement of this action, in possession of the premises described in the complaint by consent of the said county of Pierce, state of Washington."

As conclusions of law, from the above findings of fact, the learned judge held:

"First. That, upon the death of said James H. Givens, the right, title, and interest of said James H. Givens in and to the premises described in the fourth finding of fact herein became vested in the county of Pierce, state of Washington, as escheated property, subject only to a dower estate in his widow, said Mary A. Givens, for her life, in one-third thereof, to be admeasured to her pursuant to the laws of the then territory of Washington.

"Second. That the conveyance by Mary A. Givens to Frank V. McDonald, and the conveyance by Frank V. McDonald to the plaintiff herein, did not vest either of said grantees with any right, title, or interest in said premises.

"Third. That the partition proceedings referred to in finding sixth herein were valid and effectual to the extent that the decree therein severed the undivided interests of the parties to said action in the premises described in the fourth finding of fact herein, and particularly the interest of which the said James H. Givens died seised, but were void so far as they conferred, or attempted to confer, any right, title, or interest in the said Frank V. McDonald to the premises described in the complaint herein.

"Fourth. That the defendants are entitled to a judgment against plaintiff dismissing this action, and for their costs and disbursements herein."

The plaintiff in error excepted to the findings of fact Nos. 3, 5, and 11, and to all the conclusions of law, and excepted to the action of the court in refusing to adopt the findings of fact and conclusions of law requested and submitted by it, and in rendering judgment for the defendants, all of which is assigned as error. To reverse the judgment of the court below, this writ of error is sued out.

T. L. Stiles and George E. De Steiguer, for plaintiff in error.

W. C. Sharpstein, for defendants in error.

Before MORROW, ROSS, and GILBERT, Circuit Judges.

MORROW, Circuit Judge (after stating the facts). A motion has been made to dismiss the writ of error on the ground that the bill of exceptions, although filed within the term at which judgment was rendered, was not presented to, and allowed by, the judge of the court below until after the expiration of the term. We think that the fact that the bill of exceptions was filed within the term at which judgment was rendered is sufficient to preserve the rights of a party in presenting the bill of exceptions for allowance and settlement. U. S. v. Breitling, 20 How. 252; Dredge v. Forsyth, 2 Black, 563, 568; Davis v. Patrick, 122 U. S. 138, 7 Sup. Ct. 1102; Chateaugay Ore & Iron Co., Petitioner, 128 U. S. 544, 9 Sup. Ct. 150; Hume v. Bowie, 148 U. S. 245, 253, 13 Sup. Ct. 582; Waldron v. Waldron, 156 U. S. 361, 378, 15 Sup. Ct. 383; Woods v. Lindvall, 1 C. C. A. 34, 48 Fed. 73.

While the assignments of error are fifteen in number, they can be said to raise but three general questions of law, which will be determinative of the errors claimed: (1) Whether the conveyance from Matthews to Mary A. Givens, her husband, James H. Givens, hav-

ing died, operated to vest in her any title which she could convey to McDonald to the land in controversy; (2) whether she was, under the laws of the territory, now state, of Washington, an heir of James H. Givens, and, as such, succeeded to all his right, title, and interest to the same; and (3) what is the force and effect, in this case, of the decree of the court below rendered in the partition suit of McDonald v. Donaldson, 47 Fed. 765, wherein it was held that Mary A. Givens was an heir of James H. Givens, and, as such, succeeded to all the right, title, and interest which the former had in the land in controversy, and that her conveyance to McDonald of such interest was valid and operative?

As to the first question, we are of the opinion that the conveyance by Matthews, under his power of attorney, to Mary A. Givens, was absolutely null and void. The conveyance was made after the death of Givens, and the power of attorney, under which the pretended conveyance was made to Mary A. Givens, not being coupled with an interest, was revoked by the death of Givens. Hanrick v. Patrick, 119 U. S. 156, 174, 7 Sup. Ct. 147; Frink v. Roe, 70 Cal. 296, 11 Pac. 820; Louis v. Elfelt, 89 Cal. 547, 26 Pac. 1095; Rowe v. Rand, 111 Ind. 206, 12 N. E. 377; Story, Ag. § 489. See, also, McClaskey v. Barr, 50 Fed. 712. That being true, the conveyance by Matthews to Mary A. Givens, the widow of James H. Givens, was void, and her transfer to McDonald equally so. The attempted partition was inoperative and void, for it is well settled that a voluntary partition, which is not binding on all the co-tenants, is not binding on any. Sutter v. City and County of San Francisco, 36 Cal. 112; Gates v. Salmon, 46 Cal. 361; Hill v. Den, 54 Cal. 7; Center v. Davis, 113 Cal. 307, 45 Pac. 468. This principle was recognized by the court below in the cases of McDonald v. Donaldson, 47 Fed. 765, and McDonald v. Hannah, 51 Fed. 73; in the former of which cases, as previously stated, the court held the attempted partition void, and proceeded to make an equitable partition of the land. In so doing, it partitioned the interest in the land of James H. Givens, deceased, as one of the tenants in common, to Mary A. Givens, his widow, upon the assumption that she was his sole heir at law.

This brings us to the consideration of the second and third questions involved, which will be considered together. The case of McDonald v. Donaldson, supra, is relied on by the plaintiff in error as settling the question that Mary A. Givens was entitled, as heir at law of James H. Givens, to the land in controversy, and that her conveyance to McDonald and that by the latter to the plaintiff in error are valid. Aside from the fact that none of the present defendants, nor the county of Pierce, from whom they claim to hold possession, were parties to that suit of partition, it appears that the question whether or not Mary A. Givens was the sole heir at law of James H. Givens was not raised or mooted in that suit. To be sure, it was involved in the case; for, James H. Givens being dead, the court below, in making its equitable partition of the entire tract of land, had to make some disposition of Givens' interest as a tenant in common, and, in so doing, no question appearing to have been raised about it, assumed that Mary A. Givens, his widow, was also,

under the laws of the territory, now state, of Washington, his sole heir at law. That the court assumed that Mary A. Givens was the heir at law of James H. Givens, and, therefore, entitled to the land in controversy in this case, and that it was in error in this assumption, is established by the decision of the same court in the subsequent case of McDonald v. Hannah, supra. In that case the question was directly raised and determined. That case purported to involve the same land in controversy in the case at bar, the same defendants, and was also an action in ejectment. The only difference, which is one merely of form, is that plaintiff's grantor was plaintiff in that case. It was also an action of ejectment, and substantially the same grounds were urged for and against the proposition that Mary A. Givens was the sole heir at law of James H. Givens, and therefore succeeded to all his right, title, and interest. The learned judge of the court below, in that case, thoroughly considered this question, and, in holding that she was not his sole heir at law, used the following language:

"The land in controversy is part of the tract involved in the case of McDonald v. Donaldson, 47 Fed. 765 (recently determined in this court). The husband of Mary A. Givens, with other persons, acquired the title to said tract as tenants in common, and by transactions between themselves and a succession of untoward occurrences, as shown by the published statement and opinion of the court in that case, the title became snarled; one of the most serious complications being caused by the death of Givens, which occurred in the year 1873. Being nonresidents, the statutes of the territory in relation to the property rights of married persons enacted prior to his death were inapplicable to Mr. and Mrs. Givens, and conferred no rights upon the widow. Neither was she, by the laws then in force, entitled to take any part of her husband's real estate by inheritance. The partition deed made to her by Matthews as attorney in fact was void, for the reason that, by the death of her husband, the power of attorney under which Matthews acted was annulled. She had a right of dower, and nothing more. But the demanded premises have not been awarded to her in any proceeding according to the statute for assignment of dower. Therefore her grantees acquired no right, title, or right of possession by the deed from her, even if the execution, delivery, and validity thereof be assumed."

That decision was rendered in 1892. An appeal was taken to this court, and the judgment was reversed on a question of pleading, and the case remanded for a new trial. See 8 C. C. A. 426, 59 Fed. 977. We are not advised by the record what, if anything, further was done in that case. The case can, therefore, not be considered as controlling in this court. An independent examination, however, of the law on the question as to whether Mary A. Givens was the sole heir at law of James H. Givens, involved in this case and in the previous case of McDonald v. Hannah, satisfies us that the court below was correct in so far as it held that Mary A. Givens could not be considered, under the laws of the territory, now state, of Washington, the sole heir at law of James H. Givens. A perusal of the opinion of this court, reversing the judgment of the lower court in that case, will show that the ground of reversal was not based on the question whether or not Mary A. Givens was the sole heir at law of James H. Givens. With reference to the weight to be given the previous decision of McDonald v. Donaldson, wherein the court be-

low assumed that Mary A. Givens was the sole heir at law of James H. Givens, the learned judge thus expressed himself:

"The defendants are not, however, concluded by said decree, nor can they be denied their day in court to put in issue the validity of plaintiff's pretended right to the demanded premises, and subject the same to the test of a judicial determination. Neither the defendants nor the heirs or legal representatives of Givens were in court as parties to the partition suit, and by the course pursued by those who were parties the court was precluded from investigating or deciding the questions affecting the plaintiff's pretended title now in issue. In view of these facts, the court could not, by its decree, create a new and original title, nor devest the true owner of his title to the premises, and against the parties in actual possession the decree affords no ground for a judgment of ouster."

The views expressed by the learned judge of the court below in the case of McDonald v. Hannah were undoubtedly correct.

A further reason why that case is not conclusive is that the parties are not the same. None of these defendants, nor the county of Pierce, from whom the defendants claim, were made parties to that suit. The court below, however, very properly admitted the judgment and decree in that case in the present case. It was admissible in favor of plaintiff, but was not conclusive upon the defendants. Barr v. Gratz's Heirs, 4 Wheat. 213; Delano v. Bennett, 90 Ill. 533; Benefield v. Albert (Ill. Sup.) 24 N. E. 634. Besides, a decree of partition does not operate to create or devest a title to land. Its purpose is to divide and set apart to each of the tenants in common his or her respective share or portion. That was, manifestly, all that the equitable partition made by the court below, in McDonald v. Donaldson, of the tract of land, of which a portion thereof is in controversy in this case, was intended to and could do. It did not purport to create a title where none existed, nor to devest a title which had accrued or attached. As was said in Wade v. Deray, 50 Cal. 376, 380:

"It is well settled that a decree or judgment in partition has no other effect than to sever the unity of possession, and does not vest in either of the cotenants any new or additional title. After the partition each had precisely the same title which he had before, but that which before was a joint possession was concerted into a several one."

See, also, McBrown v. Dalton, 70 Cal. 89, 11 Pac. 583; Traver v. Baker, 15 Fed. 186.

In so far as the decree of partition in the case of McDonald v. Donaldson operated to do this, it was valid and binding; but when it purported to create in Mary A. Givens a title, right, or interest in the land which, by the laws of the territory, now state, of Washington, she did not possess, it follows that it was, to that extent at least, inoperative and void. By the death of James H. Givens, intestate, and without heirs, his widow not being, as has already been seen, his heir at law under the laws of Washington, his estate escheated to the county of Pierce. Laws Wash. 1862-3, pp. 261-264, §§ 340, 352; Abb. Real Prop. St. pp. 375-377; Territory v. Klee, 1 Wash. St. 183, 188, 23 Pac. 417; 6 Am. & Eng. Enc. Law, pp. 856, 857, and cases there cited. The court below was, therefore, right in finding that Mary A. Givens had no title, right, or interest, at law, in the

land in controversy, which she could convey, and that the conveyance by her to Frank V. McDonald, and the conveyance by Frank V. McDonald to the plaintiff in error herein, did not vest either of said grantees with any right, title, or interest in said premises. It is true that the escheat was subject to the dower right of Mary A. Givens during her life. It appears, from the seventh finding of fact, that she died in the city of Portland, Or., on September 13, 1894, being at the time a resident of said state. It further appears that she never resided in the late territory, now state, of Washington. As it does not appear that her right of dower was ever set off to her, it follows that she acquired no right to convey the land, and that her conveyance to McDonald, even of her dower right, would have been null and void. Such being the state of the case, it follows that the plaintiff in error could not succeed in its action of ejectment against the defendants, for it must recover on the strength of its own title. Marsh v. Brooks, 8 How. 223, 233, 234; Sabariego v. Maverick, 124 U. S. 261, 8 Sup. Ct. 461; Trenouth v. Gordon, 63 Cal. 379; Townsend v. Estate of Downer, 32 Vt. 183; Dyke v. Whyte, 17 Colo. 296, 29 Pac. 128. The defendants were not mere trespassers. They pleaded possession from the county of Pierce, and proved that they held such possession by virtue of some written agreement from the county of Pierce. The plaintiff in error failed to prove any possession, but relied entirely on its paper title. The judgment of the circuit court is affirmed.