KLENK et al. v. BYRNE et al.

(Circuit Court, W. D. Washington, N. D.    February 17, 1906.    Supplemental Opinion, March 5, 1906.)

No. 1,303.

1. COURTS—JURISDICTION OF FEDERAL COURTS—BURDEN OF PROOF.
   Where a jurisdictional allegation in a bill filed in a federal court is put in issue by the answer, it must be proved, or the court must decline jurisdiction.

2. JUDGMENT—VALIDITY—WANT OF JURISDICTION.
   A decree foreclosing a tax lien and confiscating property, without actual or legal notice to the owner, rendered by a court previous to the formal entering of any suit or action by one of the methods prescribed by the law of the state, is not a judicial determination of legal rights, and is absolutely void for want of jurisdiction.

3. EQUITY—PLEADING AND PROOF—ALLEGATIONS NOT DENIED.
   Facts well pleaded in a bill, and not denied nor controverted by the answer, are not required to be proved, unless the answer demands proof; and general denials in the answer are not entitled to consideration, where they are inconsistent with facts affirmatively alleged.

4. COURTS—FEDERAL PRACTICE—EFFECT OF STATE STATUTE.
   A state statute, requiring a payment or tender of the amount justly due to a purchaser of property at tax sale as a condition precedent to the maintenance of a suit to recover the property, is not controlling on a federal court of equity; and a bill is sufficient in such court which offers to do equity and pay such sum as the court may adjudge to be due the defendant, where defendants claim title and deny complainant's right to recover on any terms, and a tender would therefore have been a useless formality.

5. SAME—JURISDICTION OF FEDERAL COURT—SUIT TO REDEEM FROM TAX LIEN.
   A suit to redeem real estate from a tax lien which is admitted is not one to quiet title or remove a cloud, nor within the rule of the federal courts that equity is without jurisdiction of such suits against a defendant in possession.

6. EQUITY—PLEADING—SUFFICIENCY OF DENIAL.
   An averment in a bill that land which is the subject of the suit was at the time of its commencement unoccupied is not denied by an affirmative allegation in the answer that defendants "are now in the quiet and peaceable possession" of the same.

7. SAME—ADMISSIONS.
   In a suit in equity, submitted on bill and answer, the complainant's title to real estate will be deemed to be admitted by an answer in which the defendant pleads an adverse claim of title, deraigned from a void judicial decree in a proceeding against the complainant to foreclose a lien for taxes, notwithstanding a denial of the complainant's title in the same answer.

In Equity.    Suit by the owner of unoccupied land to have an adjudication of an adverse claim to the title asserted by the defendants under a sale pursuant to judicial proceedings foreclosing a tax lien.

Heard on bill and answer. For lack of proof to establish diversity of citizenship, jurisdiction of the case disclaimed.

Austin E. Griffiths, for complainants.

S. P. Richardson, L. R. Byrne, and Bogle & Spooner, for defendants.

HANFORD, District Judge. Upon an examination of the pleadings, the court finds that the answer, in its entirety, fully admits all but one of the facts essential to entitle the complainants to the relief prayed for in their bill of complaint. The jurisdiction of the court appears to have been invoked on the ground of diversity of citizenship of the parties. The answer requires proof of the averment that at the time of commencing the suit the complainants were citizens of the state of Pennsylvania, and without proof to establish that fact affirmatively the court cannot assume jurisdiction to render a decree in their favor.

Formerly, in the practice of the federal courts, jurisdiction of a case commenced originally in a Circuit Court of the United States attached if the bill of complaint contained sufficient averments of the jurisdictional facts, and to oust the court of jurisdiction the defendant was required to contest the jurisdiction by a special plea; but under the statutes now governing the practice the federal courts are required on their own motion to disclaim jurisdiction at any stage of a case, if satisfied that any essential fact does not exist. Therefore, whenever the record shows upon its face that there is a controversy as to a jurisdictional fact, the court must require proof to support a finding to eliminate such question, or else assume that it does not have jurisdiction. Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579; Anderson v. Watts, 138 U. S. 694, 11 Sup. Ct. 449, 34 L. Ed. 1078; Steigleder v. McQuesten, 198 U. S. 141, 25 Sup. Ct. 616, 49 L. Ed. 986; O. R. & N. Co. v. Shell (C. C.) 125 Fed. 979. In the case last referred to, on a rehearing, the court filed a memorandum decision which sets forth my settled convictions on this subject. 143 Fed. 1004.

Before rendering a final decree the court will consider an application to submit proof as to the citizenship of the complainants, if such an application shall be made promptly.

### Supplemental Opinion.

The objection to the jurisdiction which was sustained by the court in an opinion heretofore filed in this case, having been obviated by a stipulation of the parties, the duty now devolves upon the court of deciding other questions upon consideration of the bill and answer.

1. In the bill of complaint the complainants deraign title from the government of the United States by a patent duly issued which vests in them the full fee-simple title to and right of possession of the premises ·in controversy, unless the same has been divested by the proceedings to foreclose a lien for delinquent taxes, under which the defendants claim title and right of possession adverse to the complainants. It is not necessary for the complainants to prove their title, because the adverse title asserted is deraigned through them.

McDonald v. Hannah, 59 Fed. 977, 8 C. C. A. 426. The accuracy of the record of the judicial proceedings set forth in the pleadings is not disputed, and there is no controversy to be determined with respect to the facts relied upon to support the jurisdiction of the superior court to render its decree foreclosing the tax lien.

2. The legal questions are very simple, and it is only necessary to state my conclusions and the grounds upon which they are based. The Code of Procedure of this state provides two methods of commencing civil actions in the courts of the state, viz.: One method is by the service of a summons, which may be issued by the attorney for the plaintiff, and some of the preliminary steps in a suit or action commenced in that way may be taken before any papers are filed with the clerk of the court. The other method is by the filing of a complaint with the clerk of the court and the issuance of a summons. By the record exhibited to this court it appears that the proceedings to foreclose the tax lien were not initiated by either method, there was no service of a summons upon the owners of the estate, and the application for a decree foreclosing the tax lien, which is the only pleading, and therefore must be deemed the complaint, was not filed with the clerk of the court until several days after the rendition of the decree. I deem it unnecessary to assign any other reason for holding that a decree confiscating property, without actual or legal notice to the owner, rendered by a court previous to the entering of a suit or action, formally, by one of the methods prescribed by law, is not merely an irregularity, but absolutely void for want of jurisdiction, than this: That by the fundamental principles of jurisprudence in this country such a decree is not a judicial determination of legal rights, and is not entitled to respect in any other tribunal. Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914; McManus v. Morgan, 38 Wash. 528, 80 Pac. 786.

There remains to be considered only the technical points of pleading and practice relied upon by the defendants to defeat the complainants in a hearing upon the bill and answer.

3. It is erroneously assumed that all averments of the bill of complaint not expressly admitted by the answer must be taken to be untrue. I say erroneously, because I consider that facts well pleaded in a bill of complaint and not denied nor controverted by the answer are not required to be proved, unless the defendant by the answer demands proof. The defendants were distinctly warned that this rule would be applied in the determination of this case upon the merits, when the court overruled exceptions to the answer for alleged insufficiency, on the ground that material averments were neither admitted not denied. I hold, also, that the answer must be read in its entirety, and fairly interpreted, in order to ascertain the sense of it, and that general denials which are inconsistent with facts affirmatively alleged are not entitled to consideration. This rule eliminates a clause in the answer in which the defendants say "they deny that plaintiffs are the owners or entitled to the possession of the" tract of land described in the bill of complaint; for by the same answer they attempt to deraign a title to the same land, by virtue of a tax deed executed pursuant to the same foreclosure proceedings referred to in the bill

of complaint, and admit the accuracy of the record of said proceedings showing that the delinquent tax upon the property was assessed to the plaintiff John Klenk, who was also named as the respondent in said proceedings, and thereby admit that the title was vested in said plaintiff, and rest their entire claim to the property upon a supposed divestiture of the complainants' title by judicial proceedings which, for the reason above stated, are null and void.

4. The bill tacitly, at least, admits that the defendants did acquire a valid lien upon the property for a delinquent tax, and that no actual tender of payment to the defendants was made before commencing this suit, and the answer denies an averment of the bill that an offer of payment was made. In this connection the defendants rely upon a statute of the state which requires the complainant, in any suit for an injunction to interfere with proceedings for the collection of taxes or for the recovery of property sold for taxes, to allege and prove that before commencing suit the amount justly due was paid, or tendered, and refused. 2 Ballinger's Ann. Codes & St. §§ 5678-5680. It is the opinion of the court, however, that, in so far as this statute extends the rule of equity which requires a suitor in equity to do or offer to do equity on his part, it is not controlling in a court of the United States, which cannot be hampered, in the exercise of its chancery jurisdiction, by local statutes. The bill contains a clear and unconditional offer on the part of the complainants to submit to such terms as the court may impose, and to pay whatever sum the court may adjudge to be due to the defendants; and as, by the answer, the defendants deny absolutely the right of the complainants to recover the property on any terms, it appears that a tender of payment would have been a useless formality, and therefore unnecessary. 28 Amer. & Eng. Encyc. Law (2d Ed.) 5; 17 Encyc. Pl. & Pr. 965 et seq.

5. The defendants rely firmly upon an averment of their answer to the effect that they "are now in the quiet and peaceable possession of the same" (meaning the property which is the subject of the litigation), as a complete bar to a suit in equity in a United States court to recover possession of, or to try questions affecting the title to, the property. The argument in support of this contention is based upon an assumption that the suit is in the nature of a bill quia timet. It is undoubtedly true that a suit of that description cannot be maintained, under the equity system of the federal courts, against a defendant in the actual possession of real estate; but there are two answers sufficient to refute the defendants' argument. One is that the answer contains no denial of an averment of the bill to the effect that the property at the time of commencing the suit was unoccupied and not in the actual possession of any one. That averment being undenied, the affirmative allegation of the answer amounts to nothing more than the statement of a legal conclusion, based upon the defendants' assertion of title by which they assume that, having the legal title, they have also legal possession, as contradistinguished from actual possession. If the averment quoted may be treated as an affirmative denial of the complainants' averment that the property was unoccupied when the bill was filed, it is evasive and sham, because it

is qualified by the word "now," and justifies the inference that the defendants did not have possession until after they had received notice of the pendency of the suit. The argument, however, is founded upon false premises, in this: that, instead of being a suit for an injunction to quiet the title, or to remove a cloud, the bill admits the existence of a lien, and the object of the suit is to redeem the property, by payment of the amount due to the defendants, and restore the complainants to their full rights as the owners of the property, with an unincumbered title. Of such a suit, when the right of the complainants to redeem is disputed, a court of equity alone has jurisdiction to adjust differences between the parties with respect to the amount legally and equitably due, and to afford adequate relief by the exertion of the power necessary to extinguish the lien. 17 Encyc. Pl. & Pr. 944 et seq.

It is the opinion of the court that the complainants are not required to pay any of the costs of the void judicial proceedings, but they should pay into court for the defendants the full amount paid for the assignment of the tax certificates, and the full amount of all taxes paid by the defendants upon the property, with interest at the rate prescribed by the revenue statutes to be paid to redeem property sold to purchasers for delinquent taxes; and, if they are unable to agree upon a computation, the case will be referred to the master in chancery to ascertain the amount due, and, upon payment being made as indicated, a decree will be entered, canceling the tax lien and requiring the defendants to relinquish all claims to the property.