ONTARIO LAND CO. v. WILFONG et al.

(Circuit Court, E. D. Washington, S. D. February 3, 1908.)

1. **TAXATION—SUIT TO DETERMINE VALIDITY OF TAX DEED—PROOF OF TITLE.**

In a suit to determine adverse claims to real estate between the holder of the patent title and the holder of a tax title, the former must prevail unless the tax proceedings were sufficient to divest his title.

2. **SAME—FORECLOSURE OF TAX LIEN—CONDITIONS PRECEDENT.**

Under the statutes of Washington, until property shall have been listed as delinquent for nonpayment of taxes by a description thereof sufficiently accurate to identify it, so that an intelligent owner, acquainted with his property, on having the delinquent list brought to his attention, will be able to recognize the description as being applicable to his property, it does not become delinquent, nor subject to foreclosure and sale for nonpayment of taxes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1279.]

3. **SAME—WASHINGTON STATUTE.**

The statute of Washington (Ballinger's Ann. Codes & St. Supp. § 1751b), provides that "after the expiration of five years from the date of delinquency, when any property remains on the tax rolls for which no certificate of delinquency has been issued, the county treasurer shall proceed to issue certificates of delinquency on said property to the county, and shall file said certificates when completed with the clerk of the court, and the treasurer shall thereon, with such legal assistance as the county commissioners shall provide, * * * proceed to foreclose in the name of the county the tax liens embraced in such certificate, and the same proceedings shall be had as when held by an individual." *Held*, that the filing of such certificate of delinquency is an essential prerequisite to the proceedings by the county to foreclose the tax lien, and that further essential steps are the filing of an application to the court and the service of such process or notice as will give the owner of the property an opportunity to be heard before a decree of foreclosure is entered.

4. **SAME—JURISDICTION OF COURT.**

A court cannot enter a valid decree foreclosing a tax lien on property, unless it has acquired· jurisdiction over the person of the owner by the

service of process or notice in some mode prescribed by law, or by his appearance, or over the property in rem by its seizure under process.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1305.]

5. SAME.

A superior court of Washington entered a decree foreclosing tax liens in favor of the county on a large number of tracts of real estate, and a deed was executed thereon by which it was claimed that certain real estate owned by complainant was conveyed. No certificate of delinquency was filed prior to the proceeding by the county treasurer, as required by Ballinger's Ann. Codes & St. Supp. § 1751b. No process was issued by the clerk, no notice was posted upon the property, and no papers whatever were filed in the court until the day on which the decree was entered. The only notice of the proceeding given was by a summons published by the county attorney, in which complainant's name was not mentioned. *Held*, that such decree was void for want of jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1305.]

6. SAME—TAX DEED—VALIDITY—INSUFFICIENCY OF DESCRIPTION.

A decree was entered. foreclosing a tax lien on property described as blocks 353 and 373 of Capitol addition to North Yakima, according to the recorded plat of said addition. Such plat showed no blocks so numbered, but showed in the center of the addition a tract sufficient in area to make four blocks, with the intervening streets, of the same size as the blocks in the addition, and which, if subdivided and numbered in accordance with the system of numbering applied to the other blocks, would have contained blocks numbered 353 and 373, respectively. Such tract was, however, marked on the plat "Reserved," and had never been subdivided. *Held*, that deeds made by the county, based on such decree and purporting to convey such blocks, were absolutely void, because the description did not apply to any property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 1519, 1520.]

In Equity.

E. B. Preble (Mr. Agatin, of counsel), for complainant.

Ira P. Englehart and B. S. Grosscup, for defendants.

HANFORD, District Judge. This is a suit in equity to determine adverse claims to real estate, founded upon provisions of the Code of this state authorizing suits for such purpose.

The complainant deraigns title by valid mesne conveyances from grantee by patent from the government of the United States, all of which conveyances were recorded in the real estate records of Yakima county, in which the property is situated, prior to the initiation of the tax proceedings upon which the defendant's only claim of title is based. Since all the parties deraign title from a common source, the complainant must prevail, unless its title was divested by deeds to the defendants executed pursuant to the proceedings for the foreclosure of tax liens referred to. McDonald v. Hannah, 59 Fed. 977, 8 C. C. A. 426. The salutary rule which precludes a defendant, claiming title to the property as successor in interest of the complainant, from contesting the complainant's title otherwise than by asserting his own claim, relieves the court from the necessity of considering the effect of transfer of certain lots from the complainant to persons not made parties to this suit.

The tax deeds mentioned purport to convey real estate pursuant to a decree of the superior court of the state of Washington for Yak-

ima county foreclosing liens for delinquent taxes rendered by default on the 2d day of September, 1902, in a suit against numerous persons, named as defendants, and against many tracts and parcels of land and city lots, listed and assessed for taxation as property of unknown owners. The complainant's name does not appear in the record, and there was no service of process to bring any of the parties into court, except by the publication of a summons, which was not issued by the court, but emanated from the county attorney. The defendants contend that an agent of the complainant did have actual notice of the proceedings; but this is not proved by a fair preponderance of the evidence. There was no complaint, petition, or application to the court filed until the day on which the decree was rendered. The court did not take the property into its custody, and no notice of any proceedings in rem was posted thereon. The law of the state authorizing foreclosure of tax liens (Ballinger's Ann. Codes & St. Supp. § 1751b) provides as follows:

"After the expiration of five years from the date of delinquency, when any property remains on the tax rolls for which no certificate of delinquency has been issued, the county treasurer shall proceed to issue certificates of delinquency on said property to the county, and shall file said certificates when completed with the clerk of the court, and the treasurer shall thereon, with such legal assistance as the county commissioners shall provide, * * * proceed to foreclose in the name of the county the tax liens embraced in such certificate, and the same proceedings shall be had as when held by an individual. * * *"

There is no pretense that this initial step in lawful procedure was taken. Nothing purporting to be a certificate of delinquency has been filed in the clerk's office. Throughout the record, and in the deeds to the defendants, the property which they claim to have acquired is described as blocks 353 and 373 of Capitol addition to North Yakima according to the recorded plat of said addition; but on the plat there is no block numbered 353 or 373. There is a tract, centrally located on said plat, sufficient in area to make four blocks, with streets corresponding in size and width to the other blocks and streets, if it were subdivided; and if such blocks had been platted and numbered by consecutive numbers, carrying out the system of the plat, two of them would have been numbered 353 and 373, respectively. The tract, however, is not so subdivided, there are no streets crossing it, and within its lines there is the word "Reserved." The property which is the subject of controversy in this suit is within the boundaries of this reserved tract. As the record in the foreclosure proceedings contains no specific reference to this reserved tract, and as the complainant is not mentioned, although holding by an undisputed title shown by the public records of the county, there can be no reasonable theory to support a claim that this property was in any way identified with the foreclosure proceedings. The complainant disputes the validity of the foreclosure proceedings and the defendant's deeds on other grounds; but the foregoing is a sufficient statement upon which to base this decision.

A court of equity will not aid an owner of property in any attempt to evade payment of taxes; but this court is not called upon to do any such thing in this case, as the complainant, in its bill of com-

plaint, offers to comply with any terms which the court may impose and to pay whatever sum the court shall require to be paid on account of taxes. In view of this offer the court will not refuse to exert its power to prevent an unwarranted confiscation. The law makes ample provisions for coercing unwilling and negligent tax debtors. Contributors to the public revenue for the support of the government are entitled to protection of their legal rights. Public officers should be sustained in proceedings for the collection of taxes in the manner prescribed by law, but unlawful and surreptitious attempts to confiscate property are detrimental to the public welfare; and, when appealed to, the courts are bound to exert their authority to prevent such despoiling of individual rights by public officials. When the officers charged with the duty of enforcing the revenue laws have flagrantly neglected to observe the essential requirements of lawful procedure, it is enough to exact full payment of the amount justly due as a condition precedent to the granting of relief, so that the government shall receive from property owners what is justly due and no more.

In behalf of the defendants it is contended that this suit is a collateral attack upon a decree rendered by a court competent to decide every question as to its own jurisdiction in the premises, and which affirmed its jurisdiction by its decree. It is not true, however, that a court which has not jurisdiction of a particular case, conferred by law, can invest itself with jurisdiction by its own initiative. Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897. The jurisprudence of this country does not admit of despotic power in any court to confiscate property by its decree without lawful notice to the owner and a reasonable opportunity to defend his rights. Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914. These principles are fundamental, and unchangeable, so long as the courts shall be steadfast in the enforcement of the provisions of our national Constitution.

On the following grounds I hold that the tax deeds under which the defendants claim the property in controversy are absolutely void, viz.:

First. Until property shall have been listed as delinquent for nonpayment of taxes, by a description thereof sufficiently accurate to identify it, so that an intelligent owner, acquainted with his property, upon having the delinquent list brought to his attention, will be able to recognize the description as being applicable to his property, it does not become delinquent for nonpayment of taxes, nor subject to foreclosure or sale. This property was not so listed.

Second. The filing of a certificate of delinquency is the initial step in lawful proceedings to foreclose a tax lien by a judicial decree. In the proceedings referred to no such certificate was filed.

Third. The filing of an application to the court to foreclose a tax lien is the second step necessary to the exercise of judicial power in such a case, and a fair opportunity to present a legal defense is also essential. Therefore a final decree could not be lawfully rendered on the same day as the day on which the application was filed, as was done in this case.

Fourth. Jurisdiction to proceed in rem against property can only be acquired by an actual seizure of it, or by some equivalent act, as

by a notice to apprise the owner of the proceeding, served or posted, or published according to a mode prescribed by law, or waived. In a suit in rem jurisdiction of the res is obtained by a seizure under process of the court, whereby it is held to abide such order as the court may make concerning it. Seizure of the property, or the levy of a writ upon it, is the one essential requisite to jurisdiction. Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931. The superior court did not acquire jurisdiction by either mode. There was no seizure of the property, no writ against it was issued, no notice was served upon the owner, and the published summons contained no information that the proceeding affected this owner or its property.

Fifth. The tax deeds under which the defendants claim to have acquired this property are void, because the description of the property which they purport to convey is not applicable to any property.

As the nearest approximation to an equitable determination of the rights of the parties, it will be assumed that the defendants have succeeded to the right of Yakima county to collect the taxes chargeable to this property, and the complainant will be required to pay to each of them $76.75 and interest, or deposit the same in the registry of this court, and upon that condition the relief prayed for will be decreed.